1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEITH RIVERS,                              No.  2:23–cv–1143–KJM–KJN PS

12                    Plaintiff,                  ORDER TRANSFERRING CASE

13         v.

14    LARRY PARKER, et al.,

15                    Defendants.

16

17         On June 15, 2023, plaintiff, proceeding without the aid of counsel, filed this action and

18    requested leave to proceed in forma pauperis.  (ECF Nos. 1, 2.)  Plaintiff asserts claims under

19    numerous federal statutes and names as defendants the University of the Cumberlands in

20    Williamsburg, Kentucky and 15 of its employees.  The core of plaintiff's complaint concerns his

21    treatment by the University's employees while plaintiff was a doctoral student.  (See ECF No. 1.)

22         After carefully reviewing plaintiff's complaint, the court concludes that the action should

23    be transferred to the Southern Division of the United States District Court for the Eastern District

24    of Kentucky.[1]

25    ///

26    

27    _____

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).  Orders
transferring venue may be issued by a magistrate judge.  In re U.S. Dep't of Educ., 25 F.4th 692,
699 (9th Cir. 2022) (finding an order that "merely transfer[s] the action to another federal court
and [does] not affect the viability of a claim or defense" is a non-dispositive order).

28

1

Title 28 U.S.C. § 1391(b) provides that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A natural person resides "in the judicial district in which that person is domiciled," while a corporate defendant resides in a district where "subject to the court's personal jurisdiction with respect to the civil action in question[.]"  § 1391(c)(1)-(2).

Here, 1391(b)(1) does not appear to apply, as one of the sixteen defendants named in the complaint appears to be a resident of Alabama.  (ECF No. 1 at 2.)  Despite the distance of this person's residence from the University, and despite this individual being the director of financial aid for the University, the court takes plaintiff's complaint at face value.  However, subsection (2) of Section 1391 does apply here, as it appears a substantial part of the events giving rise to the complaint occurred at the University of the Cumberlands, located in Williamsburg, Kentucky. This includes alleged race and sex discrimination and alleged breaches of his tuition agreement and agreement regarding his coursework.  (ECF No. 1.)  Therefore, under 1391(b)(2), venue is proper in the Eastern District of Kentucky.

Because Section 1391(b)(2) provides no basis for venue in this district, the court may exercise its discretion, on the court's own initiative, to transfer this action "in the interest of justice" under 28 U.S.C. § 1406(a).  Alternatively, because the pertinent events took place within the Eastern District of Kentucky, that forum is a more appropriate venue and so transfer is appropriate under 28 U.S.C. § 1404(a).  In transferring this action, the court expresses no opinion on the merits of the complaint.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  The action, including the pending motion to proceed in forma pauperis, is

2

1        TRANSFERRED to the Southern Division of the United States District Court for the

2        Eastern District of Kentucky under 28 U.S.C. § 1406(a) or, alternatively § 1404(a);

3    2.  Once transferred, the Clerk of Court for the Eastern District of California shall close

4        this case.

5  Dated:  July 21, 2023

6

7                              KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE

8

9  rive.1143

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3